FILED
CLERK, U.S. DISTRICT COURT

JAN 16 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2006-NC5, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC5,<br><br>Plaintiff,<br><br>vs.<br><br>CAROL RICHARDS, et al.,<br><br>Defendants. | CASE NO. CV 13-9564-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On December 31, 2013, defendant Carol Richards lodged a Notice of Removal with respect to Los Angeles Superior Court Case No. 13H00245 and an unlawful detainer complaint filed in that action on January 18, 2013 (the "Complaint"), and she presented an application to proceed *in forma pauperis*. The Complaint alleges what appears to be a routine state law unlawful detainer claim (the "Unlawful Detainer Action"). The Court has denied the *in forma pauperis* application under separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action

from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Defendant alleges that the Complaint raises a "federal cause of action," and thus, is removable under 28 U.S.C. § 1441. However, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place, in that defendant does not competently allege any basis for federal subject matter jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441; *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).

With respect to federal question jurisdiction, the Complaint presents a routine state law unlawful detainer action and does not raise any federal question or issue. Defendant asserts that federal question jurisdiction exists, because the Complaint fails to allege compliance with 12 U.S.C. § 5220 (the Protecting Tenants at Foreclosure Act or "PTFA"). Defendant's allegations regarding such a violation may be raised as a defense and/or cross-claim in the Unlawful Detainer Action. To invoke removal based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint the removal of which is sought. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if defendant can assert a federal law violation to defend against the Unlawful Detainer Action in state court, any such defense or cross-claim does not confer federal question jurisdiction and, thus, is not a basis for removal.[1]

---

[1] Defendant's argument that the PTFA preempted state law unlawful detainer actions, and thus, the Complaint is an improper "artful pleading," because plaintiff seeks relief through a California law unlawful detainer action rather than through a federal lawsuit brought under the PFTA, is incorrect and unavailing. *See, e.g.,* Aurora Loan Services LLC v. Jessie Torres, 2011 WL 4551458, at *1 (N.D. Cal. Sept. 30, 2011) (collecting cases).

Defendant does not contend that diversity jurisdiction exists, for good reason. The Complaint shows that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. Indeed, the Complaint expressly alleges that the amount demanded is "Under $10,000.00." *See* 28 U.S.C. § 1332. Moreover, if defendant is a California citizen, as appears possible, she may not remove this action on the basis of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 9425 Penfield Avenue, Chatsworth, CA 91311, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/12/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE